**Grady AUVIL and Lillie Auvil, husband and wife, et al., Plaintiffs,**

v.

**CBS "60 MINUTES," a foreign corporation, etc., et al., Defendants.**

**No. CS–90–00553–RJM.**

United States District Court, E.D. Washington.

Dec. 13, 1991.

David H. Putney, J. Jarrette Sandlin, Sandlin Law Firm, Yakima, Wash., Scott A. Jonsson, Schwabe Williamson and Wyatt, Portland, Or., for plaintiffs.

Bruce E.H. Johnson, P. Cameron De-Vore, Janet McDonald, Davis Wright Tremaine, Seattle, Wash., Douglas P. Jacobs, Susanna M. Lowy, Anthony Bongiorno, CBS Inc., New York City, Ted Roy, Roy & Pell, Yakima, Wash., Peter D. Byrnes, Byrnes & Keller, Seattle, Wash., Fred H. Altshuler, Stephen P. Berzon, Altshuler, Berzon, Nussbaum, Berzon & Rubin, San Francisco, Cal., Eugene I. Annis, Lukins & Annis, Spokane, Wash., George A. Lehner, Kim Heebner Price, Pepper, Hamilton & Scheetz, Washington, D.C., for defendants.

## ORDER

McNICHOLS, District Judge.

BEFORE THE COURT is defendants' Motion to Compel Further Responses to Discovery Requests. (CR 44). A hearing with oral argument was held on this matter on November 25, 1991, at 2:00 p.m.. Having reviewed the record and considered the arguments of counsel, the court determines that the dispute over the amount in controversy is not a sufficient basis to defeat this court's jurisdiction.

The parties may pursue additional discovery regarding the involvement of Retlaw Enterprises, d/b/a KIMA Television, Bonneville International Corporation, d/b/a KIRO Television, and King Broadcasting Company, d/b/a KREM Television, in the broadcast which is the basis of this action to determine the nature and extent of their participation in the broadcast.

## DISCUSSION

The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a).

It is proper for this court to assume a suit is a class action in order to determine if it has jurisdiction, without first making the finding required by F.R.C.P. 23(c)(1). *Inglewood v. Los Angeles,* 451 F.2d 948, 951 (9th Cir.1971). For this court to exercise diversity jurisdiction each member of the class plaintiffs propose to represent must have a monetary claim meeting the necessary jurisdictional amount. *Czechowski v. Tandy Corp.,* 731 F.Supp. 406, 409 (N.D.Cal.1990).

Each plaintiff in a Rule 23(b)(3) class action must satisfy the amount required for federal jurisdiction, and any plaintiff who does not must be dismissed from the case. *Zahn v. International Paper Co.,* 414 U.S. 291, 301, 94 S.Ct. 505, 512, 38 L.Ed.2d 511 (1973).

Plaintiffs have presented the affidavits of named parties and potential class members stating that affiants are claiming less than the amount required for diversity jurisdiction. This alone does not defeat federal jurisdiction. *Zahn* states any plaintiffs or potential plaintiffs claiming less than the required amount may simply be severed from the action, allowing the federal court to retain jurisdiction.

In light of *Zahn,* the determinative issue for remand here is whether diversity exists. This in turn hinges on whether all defendants, particularly the local affiliates Retlaw Enterprises, d/b/a KIMA Television, Bonneville International Corporation, d/b/a KIRO Television, and King Broadcasting Company, d/b/a KREM Television, are properly joined.

The materials presently in the record reflect that the local affiliates had no knowledge of the contents of the 60 Minutes Broadcast and that they were simply acting as conduits for the national network. The plaintiffs request the right to

**452**

pursue limited discovery to test the accuracy of the affidavits and statements presented by the defense. I believe it is appropriate to permit that discovery to proceed so that at the appropriate time, this issue can be resolved by summary judgment proceedings. However, as the court implied at the hearing, if a local television affiliate of one of the national networks merely acts as a conduit for nationally televised events—the evening news—special news bulletins and the like, and has no prior knowledge of the content, it would be altogether unreasonable to hold them responsible for allegedly defamatory material. The court sees no significant difference between this scenario and one involving a bookseller or distributor of news periodicals of one type or another. Not only would it impair the ability of a national media, such as television, to function, it would impair the ability of the public to enjoy the benefits secured by the First Amendment. Assume that the national networks alert all of their local outlets of an imminent significant news bulletin to be telecast nationally. Assume further that the news bulletin contains allegedly defamatory material. Every local television station would be facing defamation action for statements over which they had no control and no prior knowledge.

The parties may therefore undertake additional discovery to determine the extent of the involvement of these affiliates in the broadcast serving as the basis for this action. If discovery indicates the affiliates were mere conduits of the broadcast without prior knowledge or warning of the broadcast contents, the court will address the matter in the context of summary judgment.

IT IS SO ORDERED.